# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**BOBBY LEE BELL (# 28585),**                                                 **PETITIONER**

**v.**                                                                   **No. 4:06CV173-P-B**

**LAWRENCE KELLY, ET AL.**                                              **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Bobby Lee Bell for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the instant petition for failure to exhaust state remedies. The petitioner has not responded, and the deadline for doing so has expired. For the reasons set forth below, the instant petition shall be dismissed for failure to exhaust state remedies.

## Facts and Procedural Posture

On July 14, 2004, Bobby Lee Bell was convicted of aggravated assault (Count I) and simple assault (Count II) in the Circuit Court of Sunflower County, Mississippi. He was sentenced on Count I as a habitual offender to serve a term of twenty years in the custody of the Mississippi Department of Corrections. *Id*. He was also sentenced to serve a term of six months on Count II in the custody of the Sunflower County Jail. The court ordered the simple assault sentence to run concurrently with the aggravated assault sentence. *Id*. The petitioner never completed an appeal of his convictions. He filed a "Notice of Appeal" on July 9, 2004, but the appeal was dismissed on April 19, 2005, for failure to prosecute. Thereafter, on May 31, 2005, the petitioner filed a motion to reinstate his appeal – and a motion for the appointment of counsel in the Mississippi Supreme Court. On June 8, 2005, the court of appeals entered an order

granting the motion to reinstate the appeal and remanding the case to the Sunflower Circuit Court to determine whether counsel should be appointed. On August 2, 2006, the circuit court entered an order appointing attorney Mickey Mallette to appeal Bell's convictions and sentences. The appeal was dismissed once more on October 4, 2005, for failure to file the appellant's brief. The petitioner did not seek reinstatement of this appeal, nor has he filed a petition for post-conviction relief. He filed the instant federal petition for a writ of *habeas corpus* on October 12, 2006.

## Discussion

Resolution of this case is governed by 28 U.S.C. § 2254, as amended, which provides, in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that
> 
> --
> 
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> > 
> > (B)(i) there is an absence of available State corrective process; or
> > 
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Additionally, § 2254(c) provides:

> c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Applicants seeking federal *habeas corpus* relief under § 2254 must first exhaust all claims in state court. *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999), *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). To do so, a federal *habeas corpus* petitioner must present his claims to the state's highest court in a procedurally proper manner to provide the state court with a fair opportunity to rule on those claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999);

*Carter v. Estelle*, 677 F.2d 427, 442-44 (5th Cir. 1982); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).  The Mississippi Supreme Court has not had on opportunity to pass upon petitioner's claims; as such, the petitioner has not satisfied the exhaustion requirement.  Therefore, the instant petition for a writ of *habeas corpus* must be dismissed for failure to exhaust state remedies.  28 U.S.C. §2254(b)(1) and (c).  A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 25th day of April, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE